Mr. Justice Huger
delivered the opinion of the court.
The difficulty in this case is, to ascertain the charactei ®f Gumming's creek. It appears to have been used for many years as a tray by which the people living on liarles-fan’s green approached their dwellings from Ashley river 5 but this alone would not constitute a highway ; for a way leading from a highway, and terminating at a private house or in a particular neighbourhood is not a public, but a private way, for the stopping of which an indictment will not lie, (1 Hawkins, 367;) but a thoroughfare or way leading from one highway to another, is a highway, the stopping of which is a nuisance, for which an indictment will lie. (5 Taunton, 125.) There is no doubt that Ashley river is a highway, and as little that Lynché’s-ttreet is one. If therefore Gumming's creek be a thoroughfare between Ashley river and Lynché’s street, or any other street equally a highway, a stoppage of it is a nuisance, for which the proper remedy is indictment. The witnesses however appear not to have distinguished between a public and private way, and only one, and he incidentally mentioned that there was a public landing place at the extremity of Lynchs’s street on Gumming1 s creek. If this fact had been fully proved, or had it been distinctly submitted to the jury, and they had thought proper to find the verdict they did, I should have been unwilling to disturb it; but sis there is some doubt whether the jury ever regarded the ^existence of this fact as important in the case, and as no injury can result from another trial, and much consideration 35 due to the public interests involved, I am of opinion that the motion for a new trial ought to be granted.
Justices Watt, Bay and Johnson^ concurred.